```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


WILLIE JEAN TURNER              *
                                *
v.                              *
                                * Civil Action WMN-12-1071
DAVID A. BRAMBLE, Inc., et al.  *
                                *
                                *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM**

Before the Court is a motion to dismiss, ECF No. 7, filed by Defendants, David A. Bramble, Inc. and Earl Blake, Jr. Plaintiff, Willie Jean Turner, was a seasonal construction worker, formerly employed by Defendant David A. Bramble, Inc. Plaintiff alleges that she lived and maintained a relationship with her supervisor, Defendant Earl Blake, Jr.,[1] until February 2008, when the relationship ended.  On May 6, 2008, Plaintiff received a letter from Defendant employer, stating that "due to lack of work, [she would] not be called back from winter lay-off."  ECF No. 1 at ¶ 15.

On October 30, 2008, alleging that she was fired because of her race, sex, and age, Plaintiff filed claims under Md. Code

---

[1] Plaintiff filed individual claims against Defendant Blake. Individual supervisors, however, cannot be sued for employment discrimination under Title VII of the Civil Rights Act and the Age Discrimination and Employment Act.  Lissau v. Southern Food Serv., 159 F.3d 177, 180 (4th Cir. 1998).

Ann., Art. 49B in the Circuit Court for Kent County, Maryland.[2] Under that statute, Plaintiff was required to file a timely administrative charge or a complaint under federal, state, or local law before filing a civil suit. Md. Code Ann., Art. 49B § 11B(a). In this case, an administrative charge filed with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged unlawful act would have been considered timely. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

On April 6, 2009, Defendants filed a motion to dismiss in the state court, alleging that Plaintiff had not filed an administrative charge before filing her civil suit. Plaintiff answered, arguing that she had now exhausted administrative remedies by filing a screening intake questionnaire with the EEOC on April 10, 2009.[3] Defendants replied that that the April 10, 2009, questionnaire was filed after the 300 day period for filing a charge had run. On June 28, 2008, the state court granted Defendants' motion to dismiss. Plaintiff did not appeal that decision. Instead, Plaintiff filed the current claims against the same Defendants in this Court under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. 2000e et seq.

---

[2] In October 2009, Article 49B was repealed and replaced by Md. Code Ann., State Gov't § 20-1013.

[3] Plaintiff filed a second intake questionnaire with the EEOC on May 1, 2009.

2

and the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 621 et seq.[4]  Defendants have moved to dismiss the claims on the grounds of res judicata.

Res judicata is a legal principle that ensures the finality of decisions.  Under this doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979).  "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties . . ." Brown v. Felsen, 442 U.S. 127, 131 (1979).  This principle "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes" by precluding claims and issues previously litigated. Id.

The preclusive effect of a judgment is determined by the state where the first judgment was rendered. Hall v. St. Mary's Seminary & Univ., 608 F. Supp. 2d 679, 684 (D. Md. 2009) (citing Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161-62 (4th Cir. 2008)).  "Under Maryland Law, the requirements of res judicata are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical

---

[4] Both Title VII and ADEA also require that a claim be filed within 300 days of the unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B).

to the one determined in the prior adjudication; and 3) that there was a final judgment on the merits." <u>Colandrea v. Wilde Lake Cmty Ass'n</u>, 761 A.2d 899, 910 (Md. 2000).  In her Opposition, Plaintiff does not argue that the parties or the claims are different than those already litigated in the state case.  Instead, she challenges the last element, whether there was a judgment "on the merits," noting that the "State case was dismissed on motion."  ECF No. 8 at ¶¶ 2, 9.

Whether a judgment has been made "on the merits" has been an issue of scholarly debate.  <u>Annapolis Urban Renewal Auth. v. Interlink, Inc.</u>, 405 A.2d 313, 317 (Md. Ct. Spec. App. 1979). This debate has centered on the preclusive effect of judgments entered without a full trial.  <u>See</u> <u>id.</u>  "A judgment on the merits has been defined traditionally as one which rules on 'the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.'" <u>Id.</u> (quoting <u>Clegg v. United States</u>, 112 F.2d 886, 887 (10th Cir. 1940)).

The Supreme Court in <u>Bell v. Hood</u> explained this distinction:

> [I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.  Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.  If the court does later exercise its

4

> jurisdiction to determine that the allegations in the
> complaint do not state a ground for relief, then dismissal of
> the case would be on the merits, not for want of jurisdiction.

327 U.S. 678, 682 (1946).  In other words, when a court holds that a complaint does not state a cause of action on which relief could be granted, a court is ruling on a substantive matter.  Therefore, a ruling on a motion to dismiss is a judgment on the merits and has preclusive effect in the state of Maryland.  More specifically, the Maryland Court of Special Appeals has held that "when a circuit court in Maryland grants a motion to dismiss on the grounds that the complaint, on its face, is barred by the statute of limitations, such dismissal is an adjudication on the merits for res judicata purposes."  N. Am. Specialty Ins. Co. v. Boston Med. Grp., 906 A.2d 1042, 1050 (Md. Ct. Spec. App. 2006).

   Defendants also argue that, even if Plaintiff's claims are not barred by res judicata, they are barred by Plaintiff's failure to file a timely charge.  In her Opposition, Plaintiff argues that her charge was filed within the allotted period under the statute because she did not learn that she would not be recalled to work until October 12, 2008, when she found out that others were hired to do the work she had previously done.  ECF No. 8 at ¶ 6.  She contends that the time to file the charge with the EEOC commenced on that date.  ECF No. 8 at ¶ 6.  Plaintiff's own filings with the EEOC, however, identify the

5

date of harm as May 6, 2008.  EEOC Questionnaire (ECF No. 7-1) at 3.  She further alleges in the state court complaint that she was "fired" with the receipt of the letter in May, 2008.  ECF No. 7-2 at ¶ 15.  Therefore, the Court agrees that Plaintiff's EEOC charge was filed more than 300 days from the date of the harm as set by Plaintiff and the instant complaint must be dismissed on that ground as well.

    A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: July 19, 2012